1 | JOHN R. CREWS (State Bar No. 119734)
ROGER A. CERDA (State Bar No. 239027)
2 | **ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
3 | Los Angeles, CA 90071-1410
Telephone: 213-576-1000
4 | Facsimile: 213-576-1100
john.crews@alston.com
5 | roger.cerda@alston.com

All future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"

6

Attorneys for Defendants
7 | **ARMSTRONG McCALL, L.P.** and
**BEAUTY SYSTEMS GROUP LLC**

NOTE CHANGES MADE BY THE COURT

8

9

10 | **UNITED STATES DISTRICT COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA**

12

13 | McPROUD INC., A NEVADA
CORPORATION,

Case No: SACV 11-1504 JST (SSx)

14 | Plaintiff,

**STIPULATED PROTECTIVE ORDER**

15 | vs.

Hon. Josephine Staton Tucker
Courtroom 10A

16 | ARMSTRONG McCALL, L.P., A TEXAS
LIMITED PARTNERSHIP; BEAUTY
17 | SYSTEMS GROUP LLC (ADDED AS DOE
#1); DOES 2 THROUGH 10, INCLUSIVE,

Complaint: Aug. 16, 2011
First Amended Complaint: Oct. 27, 2011

18

19 | Defendants.

20

21

22

23

All future discovery filings shall
24 | include the following language
on the cover page:
25 | "[Referred to Magistrate Judge
Suzanne H. Segal]"

26

27

28

## STIPULATION

Plaintiff McProud Inc. ("Plaintiff") and Defendants Armstrong McCall, L.P. and Beauty Systems Group LLC ("Defendants"), by and through their undersigned counsel of record, and subject to the approval of the Court, stipulate to the following Protective Order as set forth below:

1.    In connection with any discovery proceedings in this action, the parties may agree ~~or the Court may direct~~ that any document, thing, material, testimony or other information derived therefrom, produced by any party or third-party in response to discovery requests and/or subpoenas, be designated as "Confidential" under the terms of this Stipulated Protective Order ("Order").  Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, corporation or to the organization from which the information was obtained and/or which is otherwise privileged, confidential, proprietary or competitively sensitive and protected from public disclosure under applicable Federal or California State law.

2.    Confidential information including documents, interrogatory answers, responses to requests for admission, and the information contained therein, shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" on every page of any such document.

3.    Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding, or upon subsequent review of such transcript, which counsel shall designate within thirty (30) days after counsel's receipt of such transcript from the court reporter.  Arrangements shall be made with the court reporter taking and

1

LEGAL02/33283085v1

1  transcribing such proceeding to separately bind such portions of the transcript containing

2  information designed as confidential, and to label such portions appropriately.

3       4.    Material designated as confidential under this Order, the information

4  contained therein, and any summaries, copies, abstracts, or documents derived in whole

5  or in part from material designated as confidential ("Confidential Material") shall be used

6  only for the purpose of the prosecution, defense, or settlement of this action and for no

7  other purpose.

8       5.    Confidential Material produced pursuant to this Order may be disclosed or

9  made available only to the Court, to counsel for a party (including the paralegal, clerical

10  and secretarial staff employed by such counsel), and to the "qualified persons" designated

11  below:

        a.    A party, or an officer, director, or employee of a party deemed

12  necessary by counsel to aid in the prosecution, defense, or settlement

13  of this action;

14

15          b.    A witness at any deposition or proceedings in this action;

16          c.    Court reporters employed in this action;

17          d.    Experts or consultants (together with their clerical staff) retained by

18  such counsel to assist in the prosecution, defense or settlement of this

19  action;

20          e.    Any other person as to whom the parties in writing agree.

21       Prior to receiving any confidential material, "qualified persons" listed in

22  subparagraphs 5(b) and 5(d) shall be provided with a copy of this Order and shall execute

23  a non-disclosure agreement in the form of Attachment A, a copy of which shall be

24  maintained by the counsel who is providing the materials.

25       6.    The portion of any deposition in which Confidential Material is discussed

26  shall be taken only in the presence of qualified persons, as defined above.

27       7.    The parties may further designate discovery materials or testimony of a

28  highly confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEY'S

STIPULATED PROTECTIVE ORDER

LEGAL02/33283085v1

1  EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in
2  paragraphs 2 and 3 above.  Attorney's Eyes Only Material shall be that Confidential
3  Material, including any document, file, portion of file, transcribed testimony or other
4  material that the designating party in good faith reasonably believes to comprise trade
5  secrets or other competitively sensitive confidential information, the disclosure of which
6  would be likely to cause competitive harm. Attorney's Eyes Only Material, and the
7  information contained therein, shall be disclosed only to the Court, to counsel for the
8  parties (including the paralegal, clerical, and secretarial staff employed by such counsel),
9  and to the "qualified persons" listed in subparagraphs 5(d) through (e) above, but shall
10  not be disclosed to a party, or to an officer, director or employee of a party, unless
11  otherwise agreed or ordered.  If disclosure of Attorney's Eyes Only Material is made
12  pursuant to this paragraph, all other provisions in this order with respect to confidentiality
13  shall also apply.

14      8.    Nothing herein shall impose any restrictions on the use or disclosure by a
15  party of material obtained by such party independent of discovery in this action, whether
16  or not such material is also obtained through discovery in this action, or from disclosing
17  its own Confidential Material as it deems appropriate.

18      9.    If Confidential Material, including any portion of a deposition transcript
19  designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed
20  with the Court, such papers shall be labeled "Confidential ~~Subject to Court Order" and~~
21  ~~filed under seal until further order of this Court.~~  See  L. R.  79-5.

22      10.   In the event that any Confidential Material is used in any court proceeding in
23  this action, it shall not lose its confidential status through such use, and the party using
24  such shall take all reasonable steps to maintain its confidentiality during such use.  The
25  parties shall use their best efforts to include Confidential Material in Court filings only
26  when absolutely necessary, and shall, to the extent possible, file redacted versions of
27  sealed filings that redact any portions of those filings that contain or reflect Confidential
28  Material.

STIPULATED PROTECTIVE ORDER

LEGAL02/33283085v1

1      11.    Receipt by any party of any Confidential Material does not constitute, nor is

2 it to be construed to be, a waiver of any privilege or evidentiary objection, State or

3 Federal.

4      12.    An inadvertent failure to designate qualified information or items as

5 Confidential Material does not waive the designating party's right to secure protection

6 under this Order for such materials. If the information is appropriately designated as

7 Confidential Material after it was initially produced, the receiving party, on timely

8 notification of the designation, must make reasonable efforts to assure that the

9 Confidential Materials are treated in accordance with the provisions of this Order.

10     13.    This Order shall be without prejudice to the right of the parties ~~(i) to bring~~

11 *to proceed under Local Rule 37 to resolve* ~~before the Court at any time the question of whether any particular document~~ or

12 *discovery disputes. (SHS)* ~~information is confidential or whether its use shall be restricted,~~ or (ii) to present a

13 ~~motion to the Court~~ under Federal Rule of Civil Procedure ~~26(c) for a separate protective~~

14 order as to any particular document or information, ~~including restrictions different from~~

15 ~~those as specified herein. A party shall not be obligated to challenge the propriety of a~~

16 ~~Confidential or Attorney's Eyes Only designation at the time made, and failure to do so~~

17 ~~shall not preclude a subsequent challenge thereto during~~ the pendency of this litigation.

18 ~~In the event that any party to this litigation disagrees at any stage of these proceedings~~

19 with ~~such designation, such party shall provide to the designating party with written~~

20 ~~notice of its disagreement with the designa~~tion. ~~The parties shall first try to dispose of~~

21 ~~such dispute in good faith on an informal basis within ten (10) business days of notice of~~

22 ~~the disagreement. If the dispute has not been resolved within this time period,~~ the party

23 ~~seeking to de-designate the information may initiate~~ preparation of the joint stipulation

24 ~~pursuant to L.R. 37-2.2.~~ Completion and filing of the joint stipulation shall be as set forth

25 in ~~L.R. 37-2.2.~~ The burden of proving that information has been properly designated as

26 "Confidential" or "Attorney's Eyes Only" is on the producing party.   Information

27 designated as Confidential Material shall retain this status as well as its category of

28 designation until such time as either: (a) the parties expressly agree otherwise in writing,

*all procedures are those in L.R. 37.*

4

LEGAL02/33283085v1

1   or (b) the Court orders otherwise, unless such order is stayed pending appellate review.

2       14.    This Order shall not be deemed to prejudice the parties in any way in any

3   future application for modification of this Order.

4       15.    Nothing in this Order nor the production of any information or document

5   under the terms of this Order nor any proceedings pursuant to this Order, shall be deemed

6   to have the effect of an admission or waiver of objections or privileges by either party or

7   of altering the confidentiality or non-confidentiality of any such document or information

8   or altering any existing right or obligation of any party or the absence thereof.

9       16.    This Order shall survive the final termination of this action, to the extent that

10  the information contained in Confidential Material is not or does not become known to

11  the public and the Court shall retain jurisdiction to resolve any dispute concerning the use

12  of information disclosed hereunder.  Within sixty (60) days of the dismissal or entry of

13  final judgment in this action, whichever occurs first, each party shall return to the

14  producing party all Confidential Materials and any and all copies thereof.

15      IT IS SO STIPULATED.

16

17  Dated: June 5, 2012              RESPECTFULLY SUBMITTED

18                            JOHN A. CREWS
                          ROGER A. CERDA
19                            **ALSTON & BIRD LLP**

20                By:      */S/ Roger A. Cerda*
21                    Attorneys for Defendants ARMSTRONG
                  McCALL, L.P. and BEAUTY SYSTEMS
22                    GROUP LLC

23

24

25                            ANTON N. HANDAL
                          PAMELA C. CHALK
26  Dated:  June 5, 2012           **HANDAL & ASSOCIATES**

27                By:   */S/ Pamela C. Chalk*
                  Attorneys for Plaintiff
28                    MCPROUD INC.

STIPULATED PROTECTIVE ORDER

LEGAL02/33283085v1

1

2

3 **ORDER**

4 For Good Cause Shown, *SHS*

5 APPROVED AND SO ORDERED.

6 (as Amended.

7 Dated: June 8, 2012

8 ~~Hon. Josephine S. Tucker,~~
~~United States District Judge~~

9 Suzanne H. Segal
10 U.S. Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

LEGAL02/33283085v1

# ATTACHMENT A

## NON DISCLOSURE AGREEMENT

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *McProud Inc. v. Armstrong McCall, L.P., et al.*, Case No. SACV 11-1504 JST (SSx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

7
STIPULATED PROTECTIVE ORDER

LEGAL02/33283085v1